[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

No. 07-14515
Non-Argument Calendar
_____

BIA No. A95-895-359

ZHANNA ZAYTSEVA,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(June 26, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Zhanna Zaytseva, a native and citizen of the Ukraine, petitions this Court to review the decision of the Board of Immigration Appeals ("BIA") denying her

motion to reconsider or reopen, filed pursuant to 8 U.S.C. § 1229a(c) and 8 C.F.R. §§ 103.5(a)(2), 1003.23(b)(3). Zaytseva argues that the BIA's decision was not supported by sufficient findings of fact. More specifically, Zaytseva challenges the BIA's conclusion that it was "not persuaded. . . that President Yuschenko has lost his power, or that the Prime Minister is in control."[1] After careful review, we deny the petition for review.

We review both the denial of a motion to reopen a removal order and the denial of a motion for reconsideration for abuse of discretion. Ali v. U.S. Att'y. Gen., 443 F.3d 804, 808 (11th Cir. 2006); Assa'ad v. U.S. Att'y Gen, 332 F.3d 1321, 1341 (11th Cir. 2003).

Motions to reconsider are filed before the immigration officer or court or the BIA, for review of claimed errors in the law or facts. See 8 U.S.C. § 1229a(c)(6); 8 C.F.R. §§ 103.5(a)(3), 1003.2(b), and 1003.23(b)(2). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. 1003.2(b)(1). Motions to reconsider are distinguishable from motions to reopen.

---

[1] Zaytseva further argues error stemming from the BIA's April 24, 2007 order. Although Zaytseva filed a timely motion to reconsider the BIA's dismissal of her appeal on May 23, 2007, the filing did not toll the limitations period for filing a petition for review in this Court. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). Because Zaytseva did not file her petition for review until September 26, 2007, more than 30 days after the BIA's initial order dated April 24, 2007, we lack jurisdiction to review the April 24, 2007, order. See 8 U.S.C. § 1252(b)(1).

2

Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90-91 (2d Cir. 2001). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." Id. at 90 (internal quotation omitted). When the BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the case as though a decision had never been entered." Id. Thus, if it grants the motion, it reevaluates its prior decision on the factual record as it existed at the time the original decision was rendered. Id. In contrast, a motion to reopen asserts that the prior proceedings should be reopened for the introduction of new evidence so a new decision may be rendered on the basis of the new evidence. Id.; INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

Zaytseva's motion to reconsider concerned new evidence in support of reconsideration of the BIA's prior decision, but did not specify errors of law or fact relating to that decision. Because Zaytseva's motion to reconsider failed to specify errors of law or fact in the BIA's August 29, 2007, decision, as required by 8 U.S.C. § 1229a(c)(6)(C) and 8 C.F.R. § 1003.2(b)(1), the BIA did not abuse its discretion in denying her motion on these grounds.[2]

---

[2] Zaytseva also has failed to satisfy the "compelling reasons" standard for humanitarian asylum relief. Cf. 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B) (providing that IJ may grant an applicant humanitarian asylum on a discretionary basis if the applicant has demonstrated "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution," or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country."); In re N-M-A, 22 I & N Dec. 312, 326 (BIA 1998) (interpreting humanitarian asylum as requiring an applicant first to show "severe harm" and "long-lasting effects").

We likewise are unpersuaded that the BIA erred by denying Zaytseva's motion to reopen. A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B); Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1376 (11th Cir. 2006). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1) and 1003.23(b)(3); see also Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). To make such a showing, the alien "bears a 'heavy burden,' and must 'present evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case.'" Ali, 443 F.3d at 813. Evidence is "new" if it "was unavailable or could not have been presented at [the applicant's] former hearing" before an IJ. Verano-Velasco, 456 F.3d at 1377 (rejecting the government's contention that evidence which became available prior to the BIA's decision was not "new"). In addition, evidence which "bears upon the credibility of a key witness, whose

4

testimony . . . substantially bolstered the IJ's . . . ruling," is considered "material." Id.

Although the articles submitted by Zaytseva constitute "new" evidence detailing continued political turmoil in the Ukraine and outlining the continued battle for power between President Viktor Yushchenko (supported by the Young Rukh) and Prime Minister Viktor Yanukovych (supported by former President Kuchma), the articles do not suggest that President Yushchenko has lost his power, or mention anything about the Young Rukh. On this record, the BIA did not abuse its discretion in finding that the proffered evidence failed to demonstrate a prima facie case for reopening Zaytseva's removal proceedings.

**PETITION DENIED.**